UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


TAYLOR, ET AL.                          CIVIL ACTION

VERSUS                                  NO: 12-1257

HOMESITE INSURANCE COMPANY              SECTION: "J" (4)

**ORDER AND REASONS**

Before the Court is Plaintiffs Collette Taylor ("Mrs. Taylor") and Torrence Taylor ("Mr. Taylor")'s **Motion to Remand (Rec. Doc. 9)**, Defendant Homesite Insurance Company ("Homesite")'s opposition to same **(Rec. Doc. 10),** Plaintiffs' reply to Homesite's opposition **(Rec. Doc. 13)**, and Homesite's surreply to same **(Rec. Doc. 16)**. The Plaintiffs' motion, set for hearing on July 18, 2012, is before the Court on the briefs without oral argument. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that Plaintiffs' motion should be **GRANTED** for the reasons set forth more fully below.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

This action arises out of a dispute over homeowner's

1

insurance claims owed as a result of damage sustained during Hurricane Katrina. On May 20, 2011, plaintiff, Mrs. Taylor, filed suit in the Civil District Court for the Parish of Orleans, naming Homesite as the sole defendant.[1] Mrs. Taylor's suit was filed as a joinder and her claims were included with the claims of four other plaintiffs also asserting claims against Homesite under their homeowner's insurance policies. (Rec. Doc. 1-2, pp. 10-15) Included with Mrs. Taylor's original petition was a binding, irrevocable stipulation stating that her claims were less than $75,000.00, including all penalties and attorneys' fees, but exclusive of interest and costs. (Rec. Doc. 1-2, p. 19) On August 19, 2011, Homesite filed dilatory exceptions of improper cumulation of actions and vagueness, arguing principally that the claims were improperly cumulated because there was no "community of interest."(Rec. Doc. 10-1) In its exception, Homesite requested that the court "issue a severance order requiring each plaintiff named in the captioned matter to file a separate action to assert the individual demands related to her specific property and insurance claims." (Rec. Doc. 10, pp. 2-3) In response, the joined plaintiffs argued that their claims were

_____

[1] Torrence Taylor, plaintiff in the instant action, was not a named plaintiff in the original action filed in state court.

properly joined and, in the alternative, that if the court found their claims to be improperly joined, it should order separate trials rather than have them refile the claims as individual actions. (Rec. Doc. 10-1, pp. 25, 27) On March 28, 2012, the state court issued a judgment granting Homesite's exception of improper cumulation and severing the joined plaintiffs' claims, realloting them at random to other divisions of the court. (Rec. Doc. 1-2, p. 9) In response to the court's judgment, on April 9, 2012, Mrs. Taylor, joined by Mr. Taylor, reportedly attempted to file a "Supplemental and Amending Petition" to the May 20, 2011 state court petition. (Rec. Doc. 9-1, p. 2) Plaintiff alleges that the state court clerk would not accept the petition with the appellation "Supplemental and Amending" and, therefore, the petition was filed strictly as a "Petition for Damages." (Rec. Doc. 9-1, p. 2) The petition reserved all claims set forth in the May 20, 2011 petition and included as an attachment the original petition and the binding, irrevocable stipulation. (Rec. Doc. 1-2, p. 19) On May 5, 2012, Homesite filed a Notice of Removal with this Court based on diversity jurisdiction.

## THE PARTIES' ARGUMENTS

Plaintiffs challenge removal on the grounds that the amount in controversy for diversity jurisdiction is not met. Plaintiffs

3

contend that the April 9, 2012 petition for damages is an amendment to the May 20, 2011 petition, rather than an initial pleading. Plaintiffs argue that because it is a supplemental pleading, the standard for determining whether the minimum jurisdictional amount is met falls under 28 U.S.C. § 1446(b)(3), the statutory provision for removing cases that were not originally removable.[2] Plaintiffs assert that this provision requires a heightened standard for determining the amount in controversy, requiring that the information supporting removal be "unequivocally clear and certain." (Rec. Doc. 9-1, p. 7) Plaintiffs aver that the information presented by Homesite as to the homeowner policy limits, statutory damages, and attorneys' fees is conclusory and does not meet this heightened threshold. In particular, plaintiffs argue that the binding, irrevocable stipulation that was attached to the initial pleading remained attached to the supplemental pleading and still applies to this case. Furthermore, plaintiffs assert that they are "coinsureds" under their homeowner's insurance policy and, therefore, the

---

[2] If the May 20, 2011 petition was considered to be an initial petition it would not be removable because the stipulation attached to it specifies that the plaintiff cannot and will not recover more than the minimum jurisdictional amount. See De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995) (citations omitted).

4

stipulation applies to both of their claims. In the alternative, plaintiffs argue that the information presented by Homesite does not meet the traditional "preponderance of the evidence" standard either.

In contrast, Homesite argues that the April 9, 2012 petition for damages filed by Mr. and Mrs. Taylor is an initial pleading, not a supplemental and amended pleading. Homesite contends that because the state court ordered that the joined plaintiffs' claims be severed, rather than simply tried separately, the state court intended for each of the joined plaintiffs to file new, independent actions with new petitions for damages. Essentially, Homesite argues that the original joined claims were dismissed.[3] Thus, Homesite asserts that the standard for determining the amount in controversy is that of 28 U.S.C. § 1446(b)(1), which applies when a case is removable on its face via a reading of the initial petition for damages. Homesite explains that under this standard, in order to demonstrate that the amount in controversy has been met, it only needs to show that the jurisdictional amount is "facially apparent" in the April 9, 2012 petition, or it needs to put "forth the facts in dispute that support" such a finding. (Rec. Doc. 10, pp. 4-5) Homesite avers that it has met

---

[3] See Rec. Doc. 10, p. 2 ("The Dismissed Price Lawsuit").

its burden by demonstrating that plaintiffs' policy limits total $252,507.16 and by noting that plaintiffs are also seeking statutory damages and attorneys fees. Additionally, Homesite contends that the binding, irrevocable stipulation that was included with the May 20, 2011 petition is not effective as to the instant case. Homesite argues that because the original claims were severed, plaintiffs were required to file a new binding stipulation, not merely attach the previous one, in order to make the stipulation effective. Moreover, Homesite asserts that even if the stipulation is effective as to the instant action, it pertains only to the claims of Collette Taylor, and does not apply to the claims of Torrence Taylor, as his name is not included in the stipulation.[4] Neither party contests

---

[4] The stipulation reads,

> Colette Taylor ("Plaintiff") irrevocably stipulates and agrees as follows: . . . Plaintiff will not seek or accept any monetary award that may be rendered in this matter in excess of $75,000, exclusive of costs and interest, but including all penalties and attorneys' fees. . . . Plaintiff and his or her attorney further stipulate that this Irrevocable Stipulation applies only to the cause of action(s) that have been asserted or that could be asserted in the Petition by Plaintiff arising from and/or relating to the insured location identified therein, and does not limit the amount that any other plaintiff may recover

diversity.

**DISCUSSION**

A defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the case. 28 U.S.C. § 1441(a). As the removing party, the defendant bears the burden of proving that federal jurisdiction exists at the time of removal. De Aguilar, 47 F.3d at 1412. Because federalism concerns are inherent in the removal of a case from the state court system, the removal statute is strictly construed, and any doubt as to the propriety of removal must be resolved in favor of remand. Manguno v. Prudential Prop. and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

When a case is removed on the basis of diversity jurisdiction, the defendant must establish by a preponderance of the evidence that the amount in controversy exceeds the minimal jurisdictional amount of $75,000. Simon v. Wal-Mart Stores, Inc. 193 F.3d 848, 850 (5th Cir. 1999). This showing may be made by either (1)

---

                in this litigation on claims relating to
                different insurance policies and different
                insured locations, except to the extent that
                such other plaintiff has executed their own
                Irrevocable Stipulation relating to their
                separate claim.

(Rec. Doc. 1-2, p. 19)

demonstrating that it is facially apparent from the state court petition that the claim is likely to exceed $75,000, or (2) by setting forth "summary judgment type evidence" of facts in controversy that support a finding that the jurisdictional amount is met. Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999). The court determines whether it has jurisdiction by evaluating the allegations in the state court petition as they exist at the time of removal. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000). However, if the state court petition is ambiguous as to whether the jurisdictional amount is met, the court may consider a post-removal affidavit that clarifies the original complaint. Asociación Nacional de Pescadores a Pequeña Escala o Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia, 988 F.2d 559, 565 (5th Cir. 1993), abrogated on other grounds by Marathon Oil Co. v. Ruhrgas, 145 F.3d 211 (5th Cir. 1998).

If the removing defendant satisfies his burden, the plaintiff can only defeat removal by proving that it is "legally certain that the claim is really for less than the jurisdictional amount." De Aguilar, 47 F.3d at 1412 (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)). Plaintiff may establish this by identifying a statute that restricts

recovery, or by filing a binding stipulation or affidavit with the original petition that restricts the amount that plaintiff may recover. Manguno, 276 F.3d at 724.

First, the Court addresses the question of whether the April 9, 2012 petition for damages was an initial petition or a supplemental and amending petition. The Louisiana Code of Civil Procedure article governing the effect of improper cumulation provides that,

> When the court lacks jurisdiction of, or when the venue is improper as to, one of the  actions cumulated, that action shall be dismissed.

> When the cumulation is improper *for any other reason*, the court may: (1) order separate trials of the actions; or (2) order the plaintiff to elect which actions he shall proceed with, and to amend his petition so as to delete therefrom all allegations relating to the action which he elects to discontinue. The penalty for noncompliance with an order to amend is a dismissal of plaintiff's suit.

La. Code Civ. Proc. art. 464 (emphasis added).


The comments to this code article note that the principles behind the second paragraph are based on Rule 21 of the Federal Rules of Civil Procedure and, as they relate to the improper cumulation of parties, reflect a growing understanding that misjoinder of parties is merely "a matter of inconvenience in the trial of actions improperly joined" rather than a problem of pleading. Id. at cmts. b, c. As such, the comments to the article note that the problem of improper cumulation of parties is therefore solved by severance of the actions, rather than the dismissal of the claims.[5]

In the instant case, the state court found that the parties were improperly cumulated due to a lack of "community of interest" among the plaintiffs. (See Rec. Doc. 10, pp. 2-3)

---

[5] Id. ("In cases of improper cumulation for reasons other than those set forth in the first paragraph of the above article, the penalty therefore is not as drastic a the dismissal of the suit. In these instances the trial judge has discretion to either sever the actions for the purposes of trial,"). But see id. at cmt. c (noting that despite this understanding, the majority of Louisiana cases have imposed the penalty of dismissal where the court found that parties were improperly cumulated). A review of the eight cases listed in comment c as examples of dismissal reveals that where dismissal was imposed the court specifically stated that the case was "dismissed." The court did not use the word "sever."

Therefore, paragraph two of article 464 of the Louisiana Code of Civil Procedure governed the court's treatment of the joined plaintiffs' claims. Per a plain reading of paragraph two, its related comments, and the state court's judgment,[6] the Court determines that the judgment did not result in a dismissal of the joined plaintiffs' actions. By ordering that the joined plaintiffs' claims be severed, the court merely determined that the claims should be heard in separate actions, not that the plaintiffs should have to file wholly new actions with the court, as occurs with dismissal.[7] Procedurally speaking, once the individual claims were reallotted, the now individual plaintiffs would be free to amend their original petitions to reflect their individual claims, rather than the collective claims of the first

---

[6] The state court's judgment reads: "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the claims of the named plaintiffs are hereby severed and will be randomly allotted to a particular division of this Court in accordance with La. C.C.P. art. 253.1." (Rec. Doc. 1-2, p. 9)

[7]   See La. Code. Civ. Proc. art 464 cmt. c ("severance—the separate trials of such actions"); See also Bank of New York Mellon v. Smith, 2011-60 (La. App. 3 Cir. 6/29/11), 71 So. 3d 1034, 1047, reh'g denied (Aug. 24, 2011), writ denied, 2011-2080 (La. 11/18/11), 75 So. 3d 462 (noting that the trial court should have severed and not dismissed the claims, thereby implying that there is a distinct difference between the remedies).

petition.[8] Therefore, the Court finds that despite the state clerk's election to enter Mr. and Mrs. Taylor's April 9, 2012 petition as a new petition for damages, the petition was in fact an amended and supplemental petition. As such, the binding, irrevocable stipulation to the jurisdictional amount that was entered with the May 20, 2011 petition remains in effect and limits damages as to Mrs. Taylor.

Second, the Court addresses the plaintiffs' argument that the Court must apply a heightened "unequivocally clear and certain" standard when evaluating the defendant's removal of the suit, since the April 9, 2012 petition was determined to be an amended pleading. The Court finds that the plaintiffs' argument on this point is without merit. 28 U.S.C. § 1446(b)(3) governs time limitations for filing a notice of removal. Specifically,

---

[8] In response to the defendant's argument that amending the original petition "strains logic" because it results in "four 'amended' versions of the same suit pending in four different sections of the court," (Rec. Doc. 10, p. 10) the Court notes that such a procedure of amending initial petitions is commonly followed in Federal Court. See Burton v. Allstate Ins. Co., No. 07-5961, 2009 WL 365744 (E.D. La. Feb. 11, 2009) (ordering that parties' claims be severed and that they file amended petitions with the court). Once the amended petition is filed, the court can then assign the case a new docket number, thereby separating it from the original suit. Conceptually speaking, this procedural solution is also in line with the state court's judgment which ordered reallotment of the claims. Reallotment would not be necessary, or even possible, if the claims had been dismissed as there would be nothing to reallot.

this statute provides that when a case is not initially removable via the plaintiff's petition, it may become removable once "other papers" have been submitted that put the defendant on notice that the jurisdictional amount is met. 28 U.S.C. § 1446(b)(3). The submission of the "other papers" is the trigger that starts the clock running on the defendant's thirty-day time limit to file a notice of removal. See id.; see also Bosky v. Kroger Tex., LP, 288 F.3d 208, 209 (5th Cir. 2002). Furthermore, the information contained within the "other papers" must be "unequivocally clear and certain" in order to trigger the thirty-day clock. Bosky, 288 F.3d at 211. Thus, the standard cited by the plaintiff does not govern what the defendant must show in order to remove a case. Id. at 210 ("Notably, however, the removing defendant is always required to 'prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.'") (quoting Luckett, 171 F.3d at 298). Rather, it applies to what the plaintiff must show in order to demonstrate that the thirty-day time limitation for filing a notice of removal has been triggered. As such, it has no bearing on a determination of whether the defendant has met its burden in the instant case.

Third, the Court addresses Homesite's assertion that the amount in controversy has been met in this case. In Homesite's

13

Notice of Removal it alleges that it is facially apparent that the plaintiffs seek an amount in excess of $75,000. (Rec. Doc. 1, p. 2) Specifically, Homesite points to the fact that plaintiffs petition (1) alleges that wind or wind-driven rain "destroyed or damaged" their home, and (2) requests recovery "for damage to their dwelling and personal property, as well as additional living expenses." (Rec. Doc. 1, pp. 2-3) Additionally, Homesite notes that plaintiffs' total policy limit  is equal to $263,500, plaintiffs have been paid a total of $10,992.84 of that limit to date, and, thus, can recover as much as $252,507.16. (Rec. Doc. 1, p. 3) Furthermore, Homesite cites to plaintiffs claims for statutory damages, penalties, and attorney fees. (Rec. Doc. 1, p. 3)

As plaintiff points out, courts in this district have found that removal cannot be based solely upon general references to statutory penalties or policy limits above the jurisdictional amount. See Braden v. Standard Fire Ins. Co., No. 08-0043, 2009 WL 152129 (E.D. La. Jan. 21, 2009). For example, in Casey v. Essex Insurance Company, No. 07-9049, 2008 WL 1995049 (E.D. La. May 6, 2008), the court found that defendant's showing that the disputed insurance policy had a $150,000 limit and that plaintiffs were seeking penalties and attorney fees was not

14

sufficient to support removal. Id. at *2-3. The court determined that neither assertion "establishe[d] the [plaintiff's] claim," explaining that it is the actual value of the claim, not merely the amount that a plaintiff could recover based upon the policy limits and statutory limits that establishes the jurisdictional amount in controversy." Id. at *2. Likewise, in Franklin v. State Farm Insurance Company, No. 06-5858, 2006 WL 2925513 (E.D. La. Oct. 10, 2006), this Court found that when the plaintiff's petition did not state any damage amounts, the defendant's argument that the insurance policy limits were greater than $75,000 was not sufficient to meet the defendant's burden of proof. Id. at *2-3.

The instant case is similar to both Casey and Franklin. It is not "facially apparent" from the petition that the $75,000 amount in controversy requirement is met. Plaintiffs' petition does not specify the monetary value of their damages and, on its face, it does not provide sufficient information to infer what amount of damages is reasonably at issue. Homesite's references to plaintiffs' claims for statutory damages and penalties is merely conclusory, and offers no additional facts or information as to the total amount that Homesite could reasonably be expected

to pay based on the actual value of plaintiffs' claims.[9] Moreover, included with the plaintiffs' petition is a binding, irrevocable stipulation that the amount in controversy does not exceed the jurisdictional limit. While this stipulation likely only places a legal limit on Mrs. Taylor's claims, as she is the only named plaintiff in the stipulation, it certainly does not lend any support to Homesite's argument that it is facially apparent per the petition that the claim reaches the jurisdictional minimum.[10]

---

[9] The Court notes that in Homesite's opposition memorandum it argues that "even if plaintiffs' claim is only 33% of the unpaid policy limits, it will exceed $75,000." (Rec. Doc. 10, p. 6) Homesite then goes on to give the amount of potential claims under the policy and statutory limits at the rate of 33% of the policy limit. The Court does not find this argument persuasive. Homesite does not provide the Court with its basis for choosing 33% as an estimate of the plaintiffs claims, nor does it provide additional factual information to support a finding that plaintiffs' are claiming at or around 33% of their policy limit.

[10] The Court notes that since the filing of the April 9, 2012 petition and the May 5, 2012 Notice of Removal, the plaintiffs have filed two new binding, irrevocable stipulations which address the claims of both Mrs. Taylor and Mr. Taylor. (Rec. Doc. 11-2, 11-3) While the court evaluates allegations in the state court petition as they exist at the time of removal, it may consider post-removal affidavits that clarify the original petition if the original petition was ambiguous. See Asociación Nacional de Pescadores a Pequeña Escala o Artesanales de Colombia, 988 F.2d at 565. The Court finds that in this instance the post-removal stipulations filed by plaintiffs serve to further clarify the amount in controversy in the petition and support the remand of this case to state court.

16

Accordingly, the Court finds that defendant has not met its burden of proving by a preponderance of the evidence that $75,000.00 is at issue in this case.

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs' motion is **GRANTED**.

New Orleans, Louisiana this 24th day of July, 2012.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

17